# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES C. SHUFF,**
**Claimant Below, Petitioner**

**FILED**
July 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1481**   (BOR Appeal No. 2045713)
(Claim No. 2007212451)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James C. Shuff, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2011, in which the Board affirmed a February 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 4, 2010, decision denying authorization for Hyalgan injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shuff was injured by twisting his knee while operating a forklift when working for Huntington Alloys Corporation. The claim was held compensable for sprain/strain of the left knee/leg. The Office of Judges affirmed the claims administrator's decision and held that Mr. Shuff was not entitled to Hyalgan injections because the injections are not a reasonably required medical treatment for the injuries sustained on August 10, 2006. On appeal, Mr. Shuff disagrees and asserts that the Hyalgan injections are clearly reasonably required to treat his condition and should be authorized. Huntington Alloys Corporation maintains that the Board of Review and Office of Judges' Orders were consistent with the evidence of record because Mr. Shuff has reached maximum medical improvement.

The Office of Judges concluded that Hyalgan injections for the left knee were not reasonably required medical treatment. It found there had been a passage of time in this case since Mr. Shuff's surgery and a finding of maximum medical improvement by Dr. Bachwitt. The Office of Judges determined that Mr. Shuff's evidence contained nothing but unexplained authorization requests for Hyalgan injections by Dr. Tao, and determined that Dr. Tao's office notes should have been accompanied by a narrative explaining his reasoning for his recommendation. Ultimately, the Office of Judges held that based on the weight of the evidence, the claims administrator's decision is supported by the evidence of record and affirmed the denial of the requested Hyalgan injections. The Board of Review reached the same reasoned conclusions in its decision of September 30, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum